IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 1:14CR172-1 |
| SHARON HILL GOODMAN | : |

The United States Attorney charges:

1. At all times material to this Information, SHARON HILL GOODMAN was a resident of Guilford County, in the Middle District of North Carolina.

2. At all times material to this Information, Colonial Life and Accident Insurance Company ("Colonial Life") was an insurance company in the business of selling insurance products with an office and place of business in Columbia, South Carolina.

3. From on or about January 20, 2010, up to and including to on or about May 12, 2011, the exact dates unknown, SHARON HILL GOODMAN worked as an insurance agent qualified to sell Colonial Life insurance products.

### SCHEME AND ARTIFICE TO DEFRAUD

4. From on or about February 9, 2010, up to and including on or about May 10, 2011, the exact dates unknown, in the Middle District of North Carolina and elsewhere, SHARON HILL GOODMAN did devise and intend to devise a scheme and artifice to defraud Colonial Life of

money by inducing Colonial Life by materially false and fraudulent pretenses, representations and promises to pay insurance premiums and sales performance bonuses under the pretense that SHARON HILL GOODMAN had written certain group insurance policies enrolling new corporate clients in Colonial Life group insurance policies, when in fact, as SHARON HILL GOODMAN then well knew, such corporate clients did not actually exist, but were falsified by SHARON HILL GOODMAN and others for the purpose of making it appear that SHARON HILL GOODMAN and others had written new group insurance policies to fraudulently induce Colonial Life to pay insurance premiums and performance bonuses to SHARON HILL GOODMAN.

5. It was a part of the scheme and artifice to defraud that that SHARON HILL GOODMAN and others would create a false and fictitious business that SHARON HILL GOODMAN would falsely and fraudulently represent to be interested in purchasing a Colonial Life group life insurance policy for its employees.

6. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would prepare and submit a Colonial Life Account Information Form ("AIF") to Colonial Life for the fictitious business.

7. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would falsely and fraudulently prepare the

AIF with information purporting to be corporate information regarding the fictitious business purchasing insurance. However, as SHARON HILL GOODMAN then well knew, the corporate information place on the AIF was false and had been placed on the AIF by SHARON HILL GOODMAN.

8. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would and did provide Colonial Life with a person purporting to be an officer or owner of the fictitious business when in fact, as SHARON HILL GOODMAN then well knew, such persons were not officers or owners of the business purportedly purchasing insurance from Colonial Life.

9. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would coach such persons on how to falsely and fraudulently present themselves to Colonial Life as officers and operators of businesses purchasing group insurance.

10. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would open Post Office boxes for the fictitious businesses to match the mailing address for the businesses provided by SHARON HILL GOODMAN to Colonial Life in the AIF.

11. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN would falsely and fraudulently represent to Colonial Life that at least three employees of the fictitious

businesses would receive life insurance benefits from the group life insurance policy issued by Colonial Life.

12. It was a further part of the scheme and artifice that SHARON HILL GOODMAN received commissions from Colonial Life on group life insurance policies issued by Colonial Life to fictitious businesses, while knowing that such businesses did not exist and that she had fraudulently induced Colonial Life to issue such policies.

13. It was a further part of the scheme and artifice that SHARON HILL GOODMAN received performance bonuses from Colonial Life on group life insurance policies issued by Colonial Life on fictitious businesses while knowing that such businesses did not exist and that she had fraudulently induced by Colonial Life to issue such policies.

14. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN accepted and received approximately $74,000.00 from Colonial Life as premiums and bonuses from group life insurance policies issued to fictitious businesses by Colonial Life based on the false pretenses and false representations of SHARON HILL GOODMAN.

15. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN, in or about February 2011, the exact dates unknown, submitted a false and fraudulent AIF for a business named

4

Case 1:14-cr-00172-JAB   Document 1   Filed 05/09/14   Page 4 of 7

"Lexington Financial Advisors," High Point, North Carolina, knowing that such business did not in fact exist.

16. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN, on or about February 3, 2011, did submit an insurance application for a person whose initials are P.C.H. for accident coverage to Colonial Life under the false pretense that P.C.H. was an employee of "Lexington Financial Advisors" when in fact, as SHARON HILL GOODMAN then well knew, P.C.H. was not an employee of "Lexington Financial Advisors," which was a fictitious business.

17. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN, on or about February 3, 2011, did submit an insurance application for a person whose initials are P.C.H. for cancer coverage to Colonial Life under the false pretense that P.C.H. was an employee of "Lexington Financial Advisors" when in fact, as SHARON HILL GOODMAN then well knew, P.C.H. was not an employee of "Lexington Financial Advisors," which was a fictitious business.

18. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN, on or about February 3, 2011, did submit an insurance application for a person whose initials are P.C.H. for Hospital coverage to Colonial Life under the false pretense that P.C.H. was an employee of "Lexington Financial Advisors" when in

fact, as SHARON HILL GOODMAN then well knew, P.C.H. was not an employee of "Lexington Financial Advisors," which was a fictitious business.

19. It was a further part of the scheme and artifice to defraud that, based on the fraudulent misrepresentations of SHARON HILL GOODMAN, Colonial Life issued a group life insurance policy for "Lexington Financial Advisors" with employee coverage for P.C.H.

20. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN did receive commissions and performance bonuses for selling "Lexington Financial Advisors" group life insurance.

21. It was a further part of the scheme and artifice to defraud that SHARON HILL GOODMAN converted all of the commissions and bonuses paid to her by Colonial Life due to her fraudulent misrepresentations for her own use and benefit.

## EXECUTION

22. On or about February 1, 2011, in the County of Guilford, in the Middle District of North Carolina, SHARON HILL GOODMAN, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce from Guilford County, in the Middle District of North

Carolina, to the offices of Colonial Life in Columbia, South Carolina, certain writings, signs, signals and sounds, that is: a facsimile "fax" consisting of a Colonial Life AIF for a fictitious business known as "Lexington Financial Advisors."

All in violation of Title 18, United States Code, Sections 1343 and 2.

FRANK J. CHUT, JR.
ASSISTANT UNITED STATES ATTORNEY

RIPLEY RAND
UNITED STATES ATTORNEY

7